23-6385-cr
United States of America v. Barnes

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-four.

PRESENT:   REENA RAGGI,
　　　　　　　RICHARD C. WESLEY,
　　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　*Circuit Judges*.
------------------------------------------------------------------
UNITED STATES OF AMERICA,

　　　　　　　*Appellee*,

　　　v.                                                             No. 23-6385-cr

ALTON BARNES, AKA SEALED
DEFENDANT 1,

　　　　　　　*Defendant-Appellant*.
------------------------------------------------------------------

FOR APPELLEE:                          EDWARD C. ROBINSON JR.,
                                       Assistant United States Attorney
                                       (David Abramowicz, Assistant
                                       United States Attorney, *on the
                                       brief*), *for* Damian Williams,
                                       United States Attorney for the
                                       Southern District of New York,
                                       New York, NY

FOR DEFENDANT-APPELLANT:                IAN H. MARCUS AMELKIN,
                                       Federal Defenders of New York,
                                       Inc., Appeals Bureau, New York,
                                       NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Alton Barnes appeals from a judgment of conviction entered on April 18, 2023, in the United States District Court for the Southern District of New York (Ramos, *J.*), after a bench trial at which he was found guilty of one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, Barnes argues that the District Court erred in denying his motion to suppress the gun seized during his arrest without an evidentiary hearing. We assume the parties' familiarity with the

2

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Request for an Evidentiary Hearing

Barnes contends that an evidentiary hearing was required to determine whether to deny his motion to suppress the gun recovered from his backpack. "[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (quotation marks and citation omitted). We review the District Court's decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).

First, Barnes argues that an evidentiary hearing was necessary to resolve whether the officers who stopped and frisked him had the full or only a partial description of the shooting suspect they were seeking. Since he did not match the full description of the shooting suspect, Barnes asserts that a factual dispute existed as to whether the officers in this case lacked reasonable suspicion based on the full description. We disagree. The District Court found that, even

3

assuming the officers heard the full description, they had reasonable suspicion to stop and frisk Barnes because he "matched the shooter's general description" and "was found in the vicinity of the shooting." App'x 253. Even though Barnes did not precisely match some aspects of the suspect's full description, we agree with the District Court that the match was "clearly close enough for an officer to reasonably believe that Barnes could have been the shooter." App'x 250; *see United States v. Lawes*, 292 F.3d 123, 127 (2d Cir. 2002). The validity of the stop and frisk did not depend on whether the officers had the full description.

Barnes also argues that a hearing was required to elicit testimony from the officers as to what they thought they felt while patting down Barnes's backpack. Barnes asserts that the officers were incapable of feeling the gun from the outside of the backpack and therefore lacked a reasonable basis to open it. We are not persuaded. The District Court acted within its discretion in relying on the police officers' body-camera footage to assess the reasonableness of the search, which is "judged against an objective standard," not a subjective one. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *see United States v. Hussain*, 835 F.3d 307, 313 (2d Cir. 2016). Upon reviewing the footage, the District Court determined that Barnes's

4

bag appeared "fairly slack," the officers "concentrated on an object in the lower right-hand side of the backpack," and "the instant reaction" of the officer who looked inside the bag clearly contradicted Barnes's declaration that the gun was wrapped inside clothing. App'x 252. Given the availability of the video, which we have ourselves reviewed and are satisfied provided clear evidence as to the objective reasonableness of the search, the District Court did not abuse its discretion in determining that Barnes failed to show with sufficient specificity that material facts were in dispute.

Accordingly, the District Court did not abuse its discretion in denying Barnes's request for an evidentiary hearing.

## II.     Motion to Suppress

Citing *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993), Barnes also contends that, even accepting that the officers felt an object that could be a gun, they violated his Fourth Amendment rights "by exploring [his] backpack by squeezing and manipulating it for almost 30 seconds." Appellant's Br. 21. But *Dickerson* is inapposite because it prohibits an officer's "continued exploration" for nonthreatening contraband during a protective stop "*after* having concluded"

5

that there was no weapon present. 508 U.S. at 378 (emphasis added).[1] Here, after having stopped Barnes as a possible suspect in a shooting, the officers frisked his bag to determine whether it contained a weapon. After feeling an object that could be a weapon, the officers were entitled, under the circumstances, to continue their search by further frisking, squeezing, or opening the bag until they "ascertain[ed] whether it [was], in fact, a weapon." *United States v. Oates*, 560 F.2d 45, 61–62 (2d Cir. 1977). Because the search was "limited to a protective frisk for weapons" and the officers had "reason to believe that the suspect may be armed and dangerous," *id.* at 61, the officers did not exceed the bounds of the Fourth Amendment. Reviewing the District Court's conclusions of law *de novo*, *United States v. Ojudun*, 915 F.3d 875, 882 (2d Cir. 2019), therefore, we see no error of law and affirm the denial of the suppression motion.

---

[1] Barnes also relies on *Bond v. United States*, 529 U.S. 334 (2000), which held that an officer's "physical manipulation of [a] bag violated the Fourth Amendment," *id.* at 339. But *Bond* is likewise inapposite because it concerned an immigration officer's "exploratory" search of a bag at a border checkpoint without any predicate suspicion rather than a protective stop where an officer has reason to believe that a suspect is armed. *Id.* at 339.

**CONCLUSION**

We have considered Barnes's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
